UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| BTC MEDIA, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No.: _____ |
| v. | ) |  |
|  | ) | Judge |
| GENIUS GROUP LIMITED, | ) | Magistrate Judge |
|  | ) |  |
| Defendant. | ) |  |

# COMPLAINT

Plaintiff BTC Media, LLC ("BTC Media" or "Plaintiff") states as follows for its Complaint against Genius Group Limited ("Genius" or "Defendant"):

## INTRODUCTION

1. This lawsuit seeks monetary damages for Defendant's breach of contract. Defendant entered into numerous agreements with BTC Media, spanning from November 28, 2024 to January 6, 2025, related to annual membership and various sponsorship opportunities at various conferences. Defendant breached the agreements and refused to pay for services provided. Thus, Plaintiff is forced to file this lawsuit in order to enforce the agreements and seek repayment of outstanding payment obligations.

## PARTIES

2. Plaintiff BTC Media, LLC is a Delaware limited liability company with its principal office located at 300 10th Ave S, Nashville, Tennessee 37203.

3. Upon information and belief, Defendant Genius Group Limited is a Singapore-based public company listed on the New York Stock Exchange, with its principal executive offices at 8 Amoy Street #01-01, Singapore 049950.

4. Upon information and belief, Defendant Genius Group Limited lists the Company Contact Person as Roger James Hamilton, Chief Executive Officer c/o Jolie Kahn, Esq., 12 E. 49th Street, 9th Floor, New York, NY 10016 in its Securities and Exchange Commission filings.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the controversy is between parties of diverse citizenship and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendant because it contractually agreed to submit to the jurisdiction of this Court.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(2) and 28 U.S.C. § 1391(c)(3) and is consistent with the choice of venue provisions agreed to within the agreements Defendant agreed to.

## FACTS

8. BTC Media is a leading provider of news and educational information about financial technology and cryptocurrency.

9. BTC Media also hosts the Bitcoin Conference, which is the world's largest gathering of Bitcoin professionals, investors and thought leaders, both domestically and internationally.

10. On or about November 28, 2024, BTC Media and Defendant entered into a Conference Sponsorship Agreement ("Sales Order #1") wherein BTC Media agreed to present

Defendant as a sponsor at the Bitcoin 2025 Conference in exchange for payment in the amount of $633,000.00 to BTC Media. A copy of Sales Order #1 is attached hereto as **Exhibit A**.

11. Pursuant to the "Scope of Work" contained in Sales Order #1, Defendant would be an "Official DEEP Networking Lounge Sponsor" and an "Exclusive DEEP Sessions Stage Sponsor".

12. Defendant would enjoy "Exclusive Signature Happy Hour & Toast in DEEP Networking Lounge," which would include a happy hour, "$GNS" branded cups, napkins and lollipop stand signage and promotion of the event "pushed to Whales leading up to the event."

13. Defendant would be presented with an "XL Booth WITH Meeting Room in Enterprise Hall" and have the highest-listed logo and company profile tier on Bitcoin 2025 Website and at the Bitcoin 2025 Conference.

14. In exchange, Defendant was to pay a total amount of $633,000.00, with 25% payment due January 10, 2025 and the remaining 75% amount due March 14, 2025.

15. Upon information and belief, Roger Hamilton, the Chief Executive Officer of Defendant, executed Sales Order #1 on behalf of Defendant.

16. John Christovich, Partner of BTC Media, executed Sales Order #1 on behalf of BTC Media.

17. Pursuant to Sales Order #1, Defendant agreed to BTC Media's Standard Conference Sponsorship Terms and Conditions. A copy of BTC Media's standard Conference Sponsorship Terms and Conditions is attached hereto as **Exhibit B**.

18. Pursuant to BTC Media's Conference Sponsorship Terms and Conditions Section 13.2, Defendant agreed that cancellation at the discretion of Defendant did not entitle Defendant to any refund.

19. Pursuant to BTC Media's Conference Sponsorship Terms and Conditions Section 14, Defendant agreed that BTC Media was "not liable for any delays in performance, cancellations, or losses hereunder due to circumstances beyond its control including, but not limited to, acts of nature, acts of governments, delays in transportation, and delays in delivery or inability of suppliers to deliver."

20. Pursuant to BTC Media's Conference Sponsorship Terms and Conditions Section 24, Defendant agreed that "any legal suit, action, or proceeding arising out of or relating to this Agreement shall be instituted in the federal courts of the United States of America … and each party irrevocably submits to the exclusive jurisdiction of such courts in any such legal suit, action, or proceeding."

21. As of the date of filing this Complaint, Defendant has failed to pay the amount due pursuant to Sales Order #1.

22. Pursuant to BTC Media's Payment Policies contained in the Sales Order, "[a]ll delinquent invoices will incur a 10% monthly finance charge."

23. On or about November 28, 2024, BTC Media and Defendant entered into a Conference Sponsorship Agreement ("Sales Order #2") wherein Defendant would be presented as a sponsor at the Bitcoin MENA 2025 Conference in exchange for payment of $100,000.00. A copy of Sales Order #2 is attached hereto as **Exhibit C**.

24. Pursuant to the "Scope of Work" contained in Sales Order #2, Defendant would have a "Large Booth in Main Exhibit Hall" and have the highest-listed logo and company profile on Bitcoin MENA website.

25. In exchange, Defendant was to pay a total amount of $100,000.00 to BTC Media with payment due by April 18, 2025.

26. Upon information and belief, Roger Hamilton, the Chief Executive Officer of Defendant executed Sales Order #2 on behalf of Defendant.

27. John Christovich, Partner of BTC Media, executed Sales Order #2 on behalf of BTC Media.

28. Pursuant to Sales Order #2, Defendant agreed to the BTC Media's Standard Conference Sponsorship Terms and Conditions, attached as **Exhibit B**.

29. As of the date of filing this Complaint, Defendant has failed to pay the amount due pursuant to Sales Order #2.

30. Pursuant to BTC Media's Payment Policies contained in the Sales Order, "[a]ll delinquent invoices will incur a 10% monthly finance charge."

31. On or about December 17, 2024, BTC Media and Defendant entered into a Conference Sponsorship Agreement ("Sales Order #3") wherein Defendant would be presented as a sponsor at Bitcoin Asia 2025 (Hong Kong) Conference in exchange for payment of $250,000.00. A copy of Sales Order #3 is attached hereto as **Exhibit D**.

32. Pursuant to the "Scope of Work" contained in Sales Order #3, Defendant would have a "Large Booth in Main Exhibit Hall" and have a large logo and company profile on Bitcoin Asia website.

33. In exchange, Defendant was to pay a total amount of $250,000.00 with payment due upon receipt.

34. Upon information and belief, Roger Hamilton, the Chief Executive Officer of Defendant, executed Sales Order #3 on behalf of Defendant.

35. John Christovich, Partner of BTC Media, executed Sales Order #3 on behalf of Plaintiff.

36. Pursuant to Sales Order #3, Defendant agreed to the BTC Media's Standard Conference Sponsorship Terms and Conditions, attached as **Exhibit B**.

37. As of the date of filing this Complaint, Defendant has failed to pay the amount due pursuant to Sales Order #3.

38. Pursuant to BTC Media's Payment Policies contained in the Sales Order, "[a]ll delinquent invoices will incur a 10% monthly finance charge."

39. On or about January 6, 2025, BTC Media and Defendant entered into a Bitcoin for Corporations Sponsorship ("Sales Order #4") wherein Defendant received annual membership in exchange for payment of $50,000.00. A copy of Sales Order #4 is attached hereto as **Exhibit E**.

40. Pursuant to the "Scope of Work" contained in Sales Order #4, Defendant would receive an Annual Premier Membership with benefits provided by BTC Media.

41. In exchange, Defendant was to pay a total amount of $50,000.00 with payment due upon receipt.

42. Upon information and belief, Roger Hamilton, the Chief Executive Officer of Defendant, executed Sales Order #4 on behalf of Defendant.

43. John Christovich, Partner of BTC Media, executed Sales Order #4 on behalf of Plaintiff.

44. Pursuant to Sales Order #4, Defendant agreed to the BTC Media's Standard Conference Sponsorship Terms and Conditions, attached as **Exhibit B**.

45. As of the date of filing this Complaint, Defendant has failed to pay the amount due pursuant to Sales Order #4.

46. Pursuant to BTC Media's Payment Policies contained in the Sales Order, "[a]ll delinquent invoices will incur a 10% monthly finance charge."

47. As of the date of filing this Complaint, Defendant owes $874,750.00 to Plaintiff, which does not take into account the 10% monthly finance charge.

## Count I
## Breach of Contract

48. Plaintiff incorporates the allegations in the numbered paragraphs above as if fully set forth herein.

49. Plaintiff and Defendant entered into binding Sales Order Agreements on November 28, 2024, December 17, 2024 and January 12, 2025.

50. The four (4) Sales Order Agreements provided various sponsorship opportunities in exchange for payment to Plaintiff.

51. Defendant breached the four Sales Order Agreements by failing to provide payment to Plaintiff.

52. As a direct result of Defendant's breach of the Sales Order Agreements, Plaintiff has suffered damages.

## Count II
## Unjust Enrichment

53. Plaintiff incorporates the allegations in the numbered paragraphs above as if fully set forth herein.

54. This count is alleged in the alternative to Count I and insofar as no enforceable or valid written contract exists between the parties.

55. Plaintiff conferred a benefit upon Defendant when Defendant obtained the sponsorship opportunities at various conferences held by Plaintiff.

56. Defendant appreciated the benefits of that benefit by enjoying sponsorship opportunities for their own use to the detriment of Plaintiff.

57. It would be unjust to allow Defendant to retain the benefit of the sponsorship opportunities without the payment of the value thereof.

58. Plaintiff has suffered damages as a result of Defendant's unjust enrichment.

## Count III
## Quantum Meruit

59. Plaintiff incorporates the allegations in the numbered paragraphs above as if fully set forth herein.

60. This count is alleged in the alternative to Count I and insofar as no enforceable or valid written contract exists between the parties.

61. Plaintiff conferred a valuable benefit upon the Defendant by virtue of the sponsorship opportunities that Plaintiff provided, and Defendant took advantage of.

62. The parties reasonably understood that Plaintiff should be compensated for the sponsorship opportunities.

63. It would be inequitable and unjust under such circumstances for Defendant to benefit from the sponsorship opportunities and retain such benefits without paying for them.

**WHEREFORE**, Plaintiff prays:

a. That proper service is issued and served upon Defendant, requiring it to answer the Complaint within the time allotted by the Federal Rules of Civil Procedure;

b. That the Court award Plaintiff monetary damages in an amount to be determined at trial;

c. That Plaintiff be awarded exemplary damages as permitted by law;

d. That Plaintiff be awarded punitive damages as permitted by law;

e. That Plaintiff be awarded its reasonable attorney's fees and costs; and

f. That Plaintiff be awarded such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

*s/Daniel D. Choe*
Jeremey R. Goolsby, TN Bar No. 34505
Daniel D. Choe, TN Bar No. 037680
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN  37201
615-251-5550 Telephone
615-251-5551 Facsimile
jgoolsby@fbtlaw.com
dchoe@fbtlaw.com

*Attorneys for Plaintiff BTC Media, LLC*

0134810.0641212   4918-7249-5683